# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**B. RAI GUPTA, M.D., P.A.,**

      **Plaintiff,**

v.                                                           Case No: 6:25-cv-445-PGB-LHP

**CIGNA HEALTH AND LIFE INSURANCE COMPANY, and ALLEGIANCE BENEFIT PLAN MANAGEMENT, INC.,**

      **Defendants.**

_____/

## ORDER

This cause is before the Court on Defendants Cigna Health and Life Insurance Company and Allegiance Benefit Plan Management, Inc.'s (collectively, "**Defendants**") Motion to Dismiss Count XIX (Doc. 31 (the "**Motion**")) of Plaintiff B. Rai Gupta, M.D., P.A.'s ("**Plaintiff**") Complaint. Plaintiff has filed a response in opposition (Doc. 33 (the "**Response**")). After a review of the briefing, the Motion is due to be denied.

## I. BACKGROUND[1]

In this action, Plaintiff seeks to recover the outstanding balance of fees allegedly owed by the Defendant insurance companies. (*See* Doc. 26). Plaintiff

---

[1] This account of the record is derived from Plaintiff's Amended Complaint. (Doc. 26). The Court accepts plaintiffs' factual allegations as true when considering motions to dismiss. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

asserts nineteen counts, collectively alleging 1) causes of action brought under Florida Statute § 627.64194, and 2) breach of contract implied in fact. (*Id*. ¶¶ 42–437). However, the Motion seeks to dismiss only Count XIX. (S*ee* Doc. 31). In sum, this Count asserts that Defendant breached a contract implied-in-fact to pay Plaintiff "the usual and customary" fees for providing medical services to out of network patients possessing a Cigna health insurance policy. (Doc. 26, ¶ 432).

### A.  The Relevant Parties

Plaintiff is a "physician specialized in Reconstructive Surgery (Facial & Hand), Plastic Surgery and Microsurgery." (*Id*. ¶ 1). Plaintiff is "located in Lake Mary, FL" and "provides medical services in private practice and emergency and trauma medical services to patients as needed in the emergency room." (*Id*. ¶ 11). Plaintiff has not formally "contracted with Cigna Health companies" but "provides medical services to patients as an Out-of-Network provider." (*Id*. ¶ 12).

Defendant Cigna Health and Life Insurance Company is in the business of providing medical insurance, in the form of both individual and group policies. (*Id*. ¶ 18).

### B.  Plaintiff's Treatment of Patients

Plaintiff "provides on call emergency services at Central Florida Regional Hospital, Orlando Health, and HCA Florida Lake Monroe . . . ." (*Id*. ¶ 13). At these hospitals, Plaintiff treats patients who suffer from "an emergency, trauma, and/or an unforeseen illness, regardless of whether they are in-network or out of network . . . ." (*Id*.). At issue in this case are patients "insured through health insurance

2

policies issued and administered by [Defendants]." (*Id.* ¶ 15). While these patients were out-of-network for Plaintiff, the "hospitals were in-network providers." (*Id.* ¶ 14 (cleaned up)).

After treating these patients, Defendants would pay less than the sum of the bill submitted by Plaintiff. (*Id.* ¶¶ 29–33). Plaintiff had never "agree[d] to accept discounted rates from [Defendants] for its services . . . ." (*Id.* ¶ 39). The amount billed by Plaintiff to Defendants was the usual, customary, and reasonable amount charged for similar services in the community. (*Id.* ¶ 432).[2] Defendants continued to underpay for Plaintiff's services for a more than five year period. (*Id.* ¶ 434).

Accordingly, Plaintiff brought suit seeking to recover the balance of the outstanding unpaid fees. (*See generally*, Doc. 26). Relevant here, in Count XIX, Plaintiff asserts a breach of a contract implied in fact against Defendants for their failure to pay the full balance of Plaintiff's bills. (*Id.* ¶¶ 426–37).

## II.   LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Thus, to survive a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim

---

[2]  The Court notes that this language is derived from the Florida Statutes on providing emergency medical services. *See* FLA. STAT. §§ 641.513(5)(b), 627.64194(4). However, at this procedural stage, the Court takes as true the *fact* that the amount charged was customary without making the *legal determination* that these charges were customary within the meaning of the aforementioned statutes.

3

to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

     A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court must view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam). However, though a complaint need not contain detailed factual allegations, pleading mere legal conclusions, or "a formulaic recitation of the elements of a cause of action," is not enough to satisfy the plausibility standard. *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 679; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

     In sum, the court must: reject conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim; accept well-pled factual allegations as true; and view well-pled allegations in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 678–79.

## III.   DISCUSSION

Defendant moves to dismiss Count XIX of Plaintiff's Complaint for failure to state a breach of implied-in-fact contract under Florida law. (*Id.* at pp. 4–9).[3] Primarily, Defendant asserts that Plaintiff has not pled sufficient facts to demonstrate the existence of a contract. (*Id.*). Following a review of the briefing and record, the Court rejects this argument.

To prove the existence of a contract under Florida law, a plaintiff must show "(1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms." *Merle Wood & Assocs., Inc. v. Trinity Yachts, LLC*, 857 F. Supp. 2d 1294, 1301 (S.D. Fla. 2012) (citing *St. Joe Corp. v. McIver,* 875 So. 2d 375, 381 (Fla. 2004)). However, these elements can be "inferred in whole or in part from the parties' conduct . . . ." *Com. P'ship 8098 Ltd. P'ship v. Equity Contracting Co.*, 695 So. 2d 383, 385 (Fla. 4d DCA 1997), *as modified on clarification* (June 4, 1997). Generally, "disagreements as to whether the Parties' conduct gives rise to an implied in fact contract would best be evaluated on a more complete record at a

---

[3] Defendant also asserts that Count XIX is a "shotgun pleading" in violation of Federal Rule of Civil Procedure 8. (Doc. 31, p. 9). Principally, Defendant argues that Plaintiff offends *Weiland* categories three and four. (*Id.* at p. 10); *see Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). Category three bars complaints that do not separate "each cause of action or claim for relief" into separate counts, while category four prohibits plaintiffs from asserting "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Id.* at 1323. Count XIX does not offend category four, as the Count only refers to the remaining Defendant Cigna entity and not Defendant Allegiance Benefit Plan Management. (*See* Doc. 26, ¶¶ 426–437). While Count XIX asserts multiple instances of breach of contract, the "specific members/patients and details are listed in Exhibit A" as attached to the Amended Complaint. (*Id.* at ¶ 431). Defendant cannot plausibly claim, based upon the details of Exhibit A, that it has no notice of the claims levied against it. Accordingly, the Court need not further address these arguments.

later stage in the litigation" than the motion to dismiss juncture. *Fla. Emergency Physicians Kang & Assocs., M.D., Inc. v. United Healthcare of Fla., Inc.*, 526 F. Supp. 3d 1282, 1302 (S.D. Fla. 2021).

### A.   Mutual Assent

"A contract implied in fact is one form of an enforceable contract; it is based on a tacit promise, one that is inferred in whole or in part from the parties' conduct, not solely from their words." *Equity Contracting Co.*, 695 So. 2d at 385. Courts can deduce "the assent of the parties" through their conduct. *Id.* (quotations omitted). Essentially, the Court will examine the parties' actions to determine if they possessed an intent to deal.

First, Defendant argues that the Amended Complaint lacks allegations demonstrating "the existence of a valid offer" or "acceptance of such an offer." (Doc. 31, p. 6). In support of this contention, Defendant quotes to the Complaint, wherein Plaintiff alleges that he "is not contracted with [Defendant] . . ." (Doc. 31, p. 6 (quoting Doc. 26, ¶ 12)). However, Defendant leaves out the rest of the sentence, which adds crucial context to the allegation. Plaintiff goes on to clarify in the second half of the sentence that he "is an Out-of-Network provider with [Defendant] and thus provides medical services to patients as an Out-of-Network provider." (Doc. 26, ¶ 12). Thus, in the quoted passage, Plaintiff was merely

explaining that he and Defendant had no overriding written contractual relationship.[4]

Next, Defendant points out that "the Amended Complaint lacks *any* allegation that the parties ever discussed or agreed upon specific rates for [Plaintiff's] services." (Doc. 31, p. 8). However, this situation closely resembles the "common form of contract implied in fact . . . where one party has performed services at the request of another without discussion of compensation." *Equity Contracting Co.*, 695 So. 2d at 387. These circumstances "justify the inference of a promise to pay a reasonable amount for the service." *Id.* Here, Defendant's policyholders approached Plaintiff to seek care for "emergency [conditions], trauma, and/or unforeseen illnesses." (Doc. 26, ¶ 28). Plaintiff performed these services at their request, and in return, seeks a reasonable amount of compensation for his services. These allegations align with the prototypical contract implied in fact claim, at least enough to survive the motion to dismiss stage.

Finally, Defendant claims that because it never agreed to "pay a particular amount," Plaintiff cannot demonstrate a tacit promise or assent by Defendants as required to form a contract implied in fact. (Doc. 31, p. 8). However, by its very definition, a claim for contract implied in fact need not allege assent to a specific contract price. *See Equity Contracting Co.*, 695 So. 2d at 387.

---

[4] Defendant quotes various other instances in which Plaintiff references there being no "agreement" or "contract" between himself and Defendant. (*See* Doc. 31, p. 6). However, these allegations simply clarify that there are no formal written agreements between Plaintiff and Defendant.

For these reasons, Plaintiff has plausibly alleged the mutual assent necessary to form a contract implied in fact.

### B. Consideration

Next, Defendant asserts that Plaintiff has failed to "establish the existence of consideration" because Plaintiff provided services pursuant to his "preexisting legal duty" to treat emergency patients. (Doc. 31, p. 5). Generally, a preexisting obligation does not constitute consideration sufficient to support a contract. *Ashby v. Ashby*, 651 So. 2d 246, 247 (Fla. 4d DCA 1995). However, the Court finds that the pre-existing duty rule should not apply in this statutory context.

"[W]here a contract of insurance is entered into on a matter surrounded by statutory limitations and requirements, the parties are presumed to have entered into such agreement with reference to the statute, and the statutory provisions become a part of the contract." *Grant v. State Farm Fire & Cas. Co.*, 638 So. 2d 936, 938 (Fla. 1994) (citations omitted). In this case, the statutory scheme defines the terms of the deal between physicians and insurers. *See Merkle v. Health Options, Inc.*, 940 So. 2d 1190, 1196 (Fla. 4th DCA 2006) (confirming Florida Statute § 641.513 "clearly imposes a duty on [insurance companies] to reimburse non-participating providers according to the statute's dictates . . . . [t]he intent of the section is to ensure that the non-participating providers are adequately paid for a service they are required by law to perform."). The "pre-existing duty" obliging Plaintiff to treat Defendant's patients emanates from Florida Statutes §§ 395.1041, 395.4045, and 401.45. However, the Florida Legislature, anticipating

8

conflict between the physicians treating out-of-network patients and insurance companies, enacted Florida Statutes §§ 641.513 and 627.64194 to supply statutory guardrails on compensation.

Under this statutory scheme, doctors will *always* have the legal obligation to treat patients and insurance companies will *always* have the legal obligation to provide compensation. Thus, the application of the pre-existing duty rule at the motion to dismiss stage, in the context of this statutory scheme, will *always* preclude the common law contract implied in fact theory of recovery. However, as a rule of statutory interpretation, the Florida Supreme Court has announced a presumption "that no change in the common law is intended unless the statute is explicit and clear in that regard." *Thornber v. City of Ft. Walton Beach*, 568 So. 2d 914, 918 (Fla. 1990). This is because "[s]tatutory abrogation by implication of an existing common law remedy, particularly if the remedy is long established, is not favored." *Id*. Because Florida courts presume that the Florida Legislature does not silently abrogate common law causes of action, and the statute is silent on this point, the statute does not bar the contract implied in fact cause of action for out-of-network physicians. Applying the preexisting duty rule here would effectively

9

eliminate the cause of action in this context without the clear legislative directive *Thornber* requires. 568 So. 2d at 918.[5]

Defendant principally relies on *Vanguard* for the proposition that "any allegations that [an insurance company defendant] was required by law to cover the services [a] Patient received fail to support the [element of consideration], as they fail to allege a promise other than that required by law." *Vanguard Plastic Surgery, PLLC v. Cigna Health & Life Ins. Co.*, 2023 WL 2168513, at *5 (S.D. Fla. Jan. 18, 2023), *appeal dismissed*, 2023 WL 3513063 (11th Cir. Mar. 7, 2023); (Doc. 31, p. 5). Yet, *Vanguard's* outcome contravenes the intent of Florida Statutes §§ 641.513 and 627.64194. *See Merkle*, 940 So. 2d at 1196. Moreover, *Vanguard* relies on cases that simply apply the pre-existing duty rule in various unrelated contexts. 2023 WL 2168513, at *5 (first citing *Ashby*, 651 So. 2d at 247 (applying the rule in the trusts and estates context); then citing *Slattery v. Wells Fargo Armored Serv. Corp.*, 366 So. 2d 157, 159 (Fla. 3d DCA 1979) (applying the rule in the contest rewards context)). However, *Vanguard's* broad restatement of the pre-existing duty rule, and each of the cases cited therein, ignores the special context of *this*

---

[5] Of note, Plaintiff points to *Kang*, where out-of-network physicians alleged that an insurer breached a contract implied in fact by not paying the physician's billed rates. *Fla. Emergency Physicians Kang & Assocs., M.D., Inc.*, 526 F. Supp. 3d at 1289. The insurance company argued that the *Kang* plaintiffs' preexisting statutory duty to treat emergency patients, and defendants' preexisting statutory duty to pay for emergency care, could not formulate consideration under the pre-existing duty rule. *Id.* at 1302. While the *Kang* plaintiffs responded with the proposition that these "reciprocal legal obligations" acted as consideration, the *Kang* court *did not* rely on this argument to reject the motion to dismiss. *Id.* Similarly, and despite Plaintiff's urging, this Court leaves unaddressed the "reciprocal legal obligation" theory of consideration at this juncture.

10

statutory scheme. As a result, the Court does not find *Vanguard's* reasoning persuasive.

Accordingly, the Court finds the pre-existing duty rule to be inapplicable at the motion to dismiss stage in this context. Moreover, the Court believes that the issue of consideration would "best be evaluated on a more complete record at a later stage in the litigation." *Fla. Emergency Physicians Kang & Assocs., M.D., Inc.*, 526 F. Supp. 3d at 1302.

Thus, the Court declines to dismiss Count XIX for Plaintiff's failure to adequately plead the elements of a contract implied in fact. At this stage Plaintiff has alleged sufficient facts to survive the Motion.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (Doc. 31) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on December 11, 2025

*[Signature]*

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

11